I.D. 06184818                                                                       File No. 4311

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**Eastern Division**

| | | |
|---|---|---|
| **RENEE BAPTISTE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Case No. 2013-cv-5040 |
| | ) | |
| **KANE COUNTY TEACHERS CREDIT UNION,** | ) ) ) ) | |
| **Defendant.** | ) | |

## AMENDED COMPLAINT

Now comes the Plaintiff, RENEE BAPTISTE, by and through her attorneys, ZANE D. SMITH & ASSOCIATES, LTD., and complaining of Defendant, KANE COUNTY TEACHERS CREDIT UNION, states as follows:

**I.     INTRODUCTION**

1.     This is a cause of action brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967, as amended, and the Americans with Disabilities Act of 1990, as amended, against Defendant for willful employment practices implemented by the Defendant that have discriminated against the Plaintiff. Defendant Kane County Teachers Credit Union is a state chartered natural person credit union that discriminated against Plaintiff based on her race, age and disability.

**II.     JURISDICTION AND VENUE**

2.     This is a civil action arising under the laws of the United States to redress violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section(s) 2000e et seq.; the Civil

1

Rights Act of 1866, as Amended by the Civil Rights Restoration Act of 1991, 42 U.S.C. 1981; 42 U.S.C. Section 1981A; 42 U.S.C Section 1988

3. This is a civil action arising under the laws of the United States to redress violations of Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621-634.

4. This civil action arising under the Americans with Disabilities Act (ADA), 42 U.S.C. §12101, et seq.

5. This Court has jurisdiction pursuant to 28 U.S.C. §1331, §1343, and §1367.

6. Venue is proper in this District under 31 U.S.C. § 3732 (a) and 28 U.S.C. §1391 because the events that gave rise to this Complaint occurred in this district.

### III. PARTIES

7. Plaintiff, is a resident of Kane County, State of Illinois, and is a black female over the age of forty (40). Plaintiff was employed by Kane County Teachers Credit Union from March 17, 2003 to October 30, 2012 as a Member Services Representative. Plaintiff filed a charge with the Equal Employment Opportunity Commission regarding Defendant's violations, and Plaintiff received a Notice of Right-to-Sue letter from the Equal Employment Opportunity Commission on or about April 17, 2013.

8. Defendant Kane County Teachers Credit Union, is a not-for-profit state chartered natural person credit union, charter number 95015, with its principal place of business at 111 S. Hawthorne Street, Elgin, Illinois 60123.

9. At all times relevant, Defendant Kane County Teacher's Credit Union employed in excess of fifteen employees and was an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e, et seq.

## IV. BAPTISTE'S EMPLOYEMENT WITH KANE COUNTY TEACHERS CREDIT UNION

10. Plaintiff was employed by Defendant Kane County Teacher's Credit Union as a member services representative at the Elgin Branch from March 17, 2003 until she was terminated on October 30, 2012.

11. Plaintiff was the only African American employed by Defendant Kane County Teacher's Credit Union when she was terminated.

12. Plaintiff was the oldest member services representative employed by Defendant Kane County Teacher's Credit Union when she was terminated.

13. On March 27, 2012, Sean Heinekamp, an agent, servant and employee of Defendant Kane County Teacher's Credit Union became the manager of the member services representatives at the Elgin Branch.

14. On March 28, 2012, Sean Heinekamp, an agent, servant and employee of Defendant Kane County Teacher's Credit Union, approached Plaintiff and informed her that she is to "do exactly what [he] says," and Plaintiff was the only member services representative that Sean Heinekamp confronted in such a manner.

15. After Plaintiff tried to explain to Sean Heinekamp that she didn't appreciate the way she was being treated, Sean Heinekamp gave her an oral warning, and the "corrective plan to be implemented" was that Plaintiff needed to "follow my instruction and the performance expectations for the Department immediately."

16. Plaintiff's workstation inside the Elgin Branch was in direct sunlight such that it was affecting her work and the clients who came to the branch, and Plaintiff was the only employee whose workstation was direct sunlight.

17. Plaintiff complained to Sean Heinekamp, and he stated that no one cares about what she is talking about.

18. On information and belief, Plaintiff was informed that while Plaintiff was dealing with clients, Sean Heinekamp would stand behind her frowning at her and making faces.

19. Sean Heinekamp would use his position as manager to bully and harass Plaintiff.

20. Plaintiff officially complained to the human resources department at Defendant Kane County Teacher's Credit Union, but the human resources manager at Defendant Kane County Teacher's Credit Union, Julisa Alonso, was a personal friend of Sean Heinekamp.

21. Julisa Alonso, as an agent, servant and employee of Defendant Kane County Teacher's Credit Union dismissed Plaintiff's complaints as merely a "personality conflict with Sean Heinekamp.

22. Plaintiff also complained to Daren Hart, who was the supervisor of Sean Heinekamp, but no actions or measures were taken against Sean Heinekamp's bullying and harassment of Plaintiff.

23. Sean Heinekamp, as agent, servant and employee of Defendant Kane County Teacher's Credit Union also commented on where Plaintiff lived equating it to a ghetto.

24. On information and belief, other employees of Defendant Kane County Teacher's Credit Union stated that Plaintiff uses her "blackness" with the clients, and Plaintiff reported the statements to human resources with no action taken by Defendant.

## COUNT I

25. Plaintiff incorporates as if fully restated all of the allegations previously written.

26. During the course of Plaintiff's employment with Defendant, the Defendant, by and through it agents, servants and employees, discriminated against the Plaintiff in the terms, conditions

and privileges of employment in various ways, in substantial part because of her race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq.

27. The unwelcome race discrimination created an intimidating, oppressive, hostile and offensive work environment which interfered with Plaintiff's emotional and physical well being.

28. As a result of the hostile and offensive work environment perpetrated by Defendant's agents, servants and employees, and maintained by Defendant's failure to protect Plaintiff from such discrimination, the Plaintiff suffered humiliation, emotional distress and physical pain.

29. Defendant through its agents, servants and employees failed to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts and failures to act of Defendant's agents, servants and employees.

30. Defendant also terminated Plaintiff and discriminated against Plaintiff by and through its agents, servants and employees because of her race in violation of Title VII of the Civil Rights Act of 1964.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Defendant Kane County Teacher's Credit Union providing the following relief:

(a) Compensatory damages in whatever amount in excess of $75,000, exclusive of costs and interest, that Plaintiff is found to be entitled;

(b) Punitive damages against Defendant Kane County Teacher's Credit Union in whatever amount, exclusive of costs and interest, that Plaintiff is found to be entitled;

(c) An order placing Plaintiff in the position that she would have been in had there been no violation of her rights;

(d) An order enjoining and restraining Defendant Kane County Teacher's Credit Union from further acts of discrimination or retaliation;

(e) An award of interest, costs and reasonable attorney's fees;

(f) Any and all other remedies provided by the Title VII; and

(g) Such other and further relief in favor of the Plaintiff that this Honorable Court deems appropriate.

## COUNT II

31. Plaintiff incorporates as if fully restated all of the allegations previously written.

32. As herein alleged, Defendant, by and through its agents, servants and employees, illegally retaliated against Plaintiff by unjustly subjecting her to unjust scrutiny, false allegations of misconduct and unwelcome and derisive comments solely because she reported the aforementioned discrimination. Defendant had no legitimate reasons for any such act, and each said act of retaliation is in violation of the Title VII of the Civil Rights Act.

33. Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, the Defendant may have engaged in other discriminatory practices against her which are not yet fully known. At such time as such discriminatory practices become known, Plaintiff will seek leave of Court to amend this Complaint in that regard.

34. As a direct and proximate result of the Defendant's willful, knowing, and intentional discrimination and retaliation against Plaintiff, Plaintiff has suffered and will continue to suffer pain, humiliation and emotional distress. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

35. As a further direct and proximate result of Defendant's violation of Title VII of the Civil Rights Act of 1964, as described, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with the Defendant

and has thereby incurred and will continue to incur legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff.

36. Plaintiff is informed and believes, and based thereon alleges, that the Defendant's conduct as described above was willful, wanton, malicious, and done in reckless disregard for the safety and well-being of Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from the Defendant in a sum according to proof at trial.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Defendant Kane County Teacher's Credit Union providing the following relief:

(a) Compensatory damages in whatever amount in excess of $75,000, exclusive of costs and interest, that Plaintiff is found to be entitled;

(b) Punitive damages against Defendant Kane County Teacher's Credit Union in whatever amount, exclusive of costs and interest, that Plaintiff is found to be entitled;

(c) An order placing Plaintiff in the position that she would have been in had there been no violation of her rights;

(d) An order enjoining and restraining Defendant Kane County Teacher's Credit Union from further acts of discrimination or retaliation;

(e) An award of interest, costs and reasonable attorney's fees;

(f) Any and all other remedies provided by the Title VII, the ADA, and the ADEA; and

(g) Such other and further relief in favor of the Plaintiff that this Honorable Court deems appropriate.

## COUNT III

37. Plaintiff incorporates as if fully restated all of the allegations previously written.

38. Defendant Kane County Teacher's Credit Union employs more than 20 employees.

39. At all time relevant, Plaintiff was over the age of 40.

40. Defendant Kane County Teacher's Credit Union terminated Plaintiff from her employment because of her age in violation of the Age Discrimination in Employment Act of 1967 (29 U.S.C. §§ 621, et seq.), and in retaliation for reporting and Defendant's discriminatory actions to her immediate supervisors, managers, and directors at Defendant Kane County Teacher's Credit Union.

41. By agreeing to recommend for promotion and rewards and thereby promoting and giving rewards to younger employees over older employees who met or exceeded Defendant's expectations, and who possessed equal or greater job experience than those promoted or recommended for promotion or rewards, the Defendant violated the Age Discrimination in Employment Act.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Defendant Kane County Teacher's Credit Union providing the following relief:

(a) Compensatory damages in whatever amount in excess of $75,000, exclusive of costs and interest, that Plaintiff is found to be entitled;

(b) Punitive damages against Defendant Kane County Teacher's Credit Union in whatever amount, exclusive of costs and interest, that Plaintiff is found to be entitled;

(c) An order placing Plaintiff in the position that she would have been in had there been no violation of her rights;

(d) An order enjoining and restraining Defendant Kane County Teacher's Credit Union from further acts of discrimination or retaliation;

(e) An award of interest, costs and reasonable attorney's fees;

(f) Any and all other remedies provided by the ADEA; and

(g) Such other and further relief in favor of the Plaintiff that this Honorable Court deems appropriate.

## COUNT IV

42. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

43. Plaintiff is a "qualified individual with a disability" as defined in 42 U.S.C. §12131(2).

44. Defendant Kane County Teacher's Credit Union has more than 15 employees

45. Plaintiff has been denied the benefits of advancement, employee compensation, and has been discharged from her employment with Defendant Kane County Teacher's Credit Union because of her disability.

46. As a result of Defendant Kane County Teacher's Credit Union's denial and exclusion of benefits from the Plaintiff and termination, Defendant Kane County Teacher's Credit Union violated the ADA by discriminating against Plaintiff by not making reasonable accommodation.

47. As a direct and proximate result of Defendant Kane County Teacher's Credit Union's unlawful discrimination, Plaintiff has sustained injuries and damages.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against Defendant Kane County Teacher's Credit Union providing the following relief:

(a) Compensatory damages in whatever amount in excess of $75,000, exclusive of costs and interest, that Plaintiff is found to be entitled;

(b) Punitive damages against Defendant Kane County Teacher's Credit Union in whatever amount, exclusive of costs and interest, that Plaintiff is found to be entitled;

(c) An order placing Plaintiff in the position that she would have been in had there been no violation of her rights;

(d) An order enjoining and restraining Defendant Kane County Teacher's Credit Union from further acts of discrimination or retaliation;

(e) An award of interest, costs and reasonable attorney's fees;

(f) Any and all other remedies provided by the ADA; and

(g) Such other and further relief in favor of the Plaintiff that this Honorable Court deems appropriate.

Respectfully Submitted,

By: /s/ Andre Ordeanu
Andre Ordeanu

## CERTIFICATE OF SERVICE

I, Andre Ordeanu, on oath state that a true and correct copy of Plaintiff's Agreed Motion to File an Amended Complaint in Lieu of a Response to Defendants' Partial Motion to Dismiss Plaintiff's Complaint was electronically filed with the Clerk of the Court on November 8, 2013, using the CM/ECF system, and to be served on the Defendants' attorneys of record in this action by filing the foregoing motion using the CM/ECF system. Under the penalties of perjury, I certify that the above statements set forth herein are true and correct.

s/ Andre Ordeanu
Andre Ordeanu